23912. SHERROD *v.* HAVERTY FURNITURE COMPANY *et al.*

STEPHENS, J. 1. Before a defendant can maintain an action for a malicious use of process it is essential that the suit shall have terminated in his favor. Where after the defendant had been arrested in an action of "bail trover" he paid to the plaintiff an amount claimed as the balance due on the purchase price of the property which was the subject matter of the action and which the plaintiff·had sold to the defendant, notwithstanding the defendant did not owe for the property, but where the payment was made for the purpose of the defendant's regaining his liberty, it does not appear that the suit had terminated favorably to the defendant. *Davison-Paxon Co.* v. *Walker,* 174 *Ga.* 532 (163 S. E. 212).

2. Neither was the institution of the "bail trover" process, where the only result was as above indicated, a misapplication of the process for the purpose intended. *Robinson* v. *Commercial Credit Co.*, 37 *Ga. App.* 291 (139 S. E. 915).

3. Allegations in the petition in a suit afterwards instituted by the defendant in trover against the plaintiff in that action, that the latter, through its authorized agent, knowingly made a false averment in the affidavit as the basis of the "bail trover" suit, which was that the plaintiff in

trover had reason to apprehend that the property would be eloigned and moved away and would not be forthcoming to answer the judgment in the trover suit, and when the defendant in the trover suit owed the plaintiff in that suit nothing and had title to the property, are but allegations of the want of probable cause for the institution of the "bail trover" suit by the plaintiff in that suit, the present defendant.

4. The petition, with the proffered amendment, failed to set out a cause of action for a malicious use of process, for a malicious abuse of process, or for false arrest or imprisonment, and the court did not err in rejecting the amendment offered, and in sustaining the general demurrer to the petition. *Waters* v. *Winn,* 142 *Ga.* 138 (82 S. E. 537).

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 9, 1935.

*Donnelly & Fleetwood,* for plaintiff.
*Gazan, Walsh & Bernstein,* for defendants.